UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| JAMES EDWARD SPENCER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No.: 7:13-cv-00090-RDP-SGC |
| ) | |
| ROBERT BENTLEY, et al., ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM OPINION

The Magistrate Judge filed a Report and Recommendation on January 13, 2015, recommending the petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner James Edward Spencer be dismissed without prejudice. (Doc. 30). In accordance with Rule 11 of the *Rules Governing 2254 Cases*, the Magistrate Judge also recommended that a certificate of appealability be denied. (*Id.*). On or about January 28, 2015, Petitioner filed objections to the Report and Recommendation. (Doc. 31).

Portions of Petitioner's objections are not comprehensible. Those portions of Petitioner's objections that are comprehensible consist largely of restatements of arguments he has already presented. These arguments were properly considered and correctly rejected by the Magistrate Judge, and Petitioner's restatement of these arguments does not alter the recommendation made by the Magistrate Judge.

Additionally, Petitioner claims "the [M]agistrate [J]udge is double talking in these cases that she is reviewing. . . ." (Doc. 31 at 1). Petitioner does not explain what he means by this objection. Presumably, he objects to the Magistrate Judge's recommendation that his challenge to the constitutionality of the Alabama Sex Offender Registration and Community Notification

Act ("ASORCNA") in this action be dismissed on the grounds such challenge is not cognizable in an action on a habeas petition but, rather, would be cognizable in an action brought pursuant to 42 U.S.C. § 1983 (Doc. 30 at 10), while recommending his constitutional challenge to ASORCNA in a § 1983 action commenced in this court be dismissed for failing to state a claim upon which relief may be granted, *Spencer v. Bentley, et al.*, No. 12-1832 at Doc. 20 (N.D. Ala. filed May 10, 2012).  That a particular type of claim is properly brought in a particular type of action does not mean a plaintiff is entitled to relief if he asserts such a claim.  In other words, although an action pursuant to § 1983 might be the appropriate vehicle for challenging the constitutionality of a statute, a plaintiff is not necessarily entitled to prevail on his constitutional claim even if he travels under the correct statute in asserting it.

Finally, Petitioner appears to argue Rule 4(m) of the *Federal Rules of Civil Procedure* permits dismissal only within 120 days after commencement of an action, while this action had been pending nearly two years at the time the Magistrate Judge entered her Report and Recommendation.  (Doc. 31 at 1).  Rule 4(m) does not prohibit dismissal of an action after 120 days from its commencement.  It provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m); *see also* Rule 12, *Rules Governing Section 2254 Cases* (*Federal Rules of Civil Procedure* may only apply in habeas cases to the extent they are not inconsistent with any statutory provision or the *Rules Governing Section 2254 Cases*).

For the foregoing reasons, Petitioner's objections (Doc. 31) are **OVERRULED**.  Having carefully reviewed and considered *de novo* all the material in the court file, the court is of the opinion that the Magistrate Judge's Report is due to be and is **ADOPTED** and her

recommendation is **ACCEPTED**. Accordingly, the petition for a writ of habeas corpus is due to be dismissed without prejudice.

Additionally, for the reasons set forth in the Report and Recommendation and pursuant to Rule 11 of the Rules Governing 2254 Cases, a certificate of appealability is **DENIED**. A Final Judgment will be entered.

**DONE** and **ORDERED** this February 12, 2015.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE